UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAVION BLACKMON,

    Plaintiff,

v.

FIRST PREMIER BANK; RP FUNDING, INC;
DISCOVER BANK; DOVENMUEHLE;
EQUIFAX INFORMATION SERVICES, LLC
EXPERIAN INFORMATION SOLUTIONS INC
and TRANS UNION, LLC

    Defendants.

Case No. _____

COMPLAINT AND
JURY TRIAL DEMAND

COMES NOW the Plaintiff, **TAVION BLACKMON**, by and through undersigned counsel, sues the Defendants First Premier Bank ("FPB"), RP Funding, Inc. ("RPF"), DFS Services, LLC ("DFS"), Dovenmuehle Mortgage, Inc. ("DMI"), Equifax Information Services, LLC ("EQU"), Experian Information Solutions, Inc. ("EXP") and Trans Union, LLC ("TU"), and he alleges as follows:

A. **PRELIMINARY STATEMENT**

**1.** This action is brought pursuant to the Federal Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq. and common law tort of defamation.

**2.** The Plaintiff, Mr. Blackmon, is the victim of identity theft—a pervasive and destructive crime. A fraudster(s) or identity thief obtained and used Mr. Blackmon's personal information to open multiple accounts, including an account with non-defendant JPMorgan Chase Bank ("JPMCB") and co-defendants FPB and DFS. Despite knowing that the accounts were fraudulent, the Defendants publicly represented that the accounts were legitimate.

B. **JURISDICTION & VENUE**

1

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331. Venue in this District is proper in that the Defendant transacts business in Lake County, Florida, and the conduct complained of occurred in Lake County, Florida.

C. **PARTIES TO THIS ACTION**

4. Plaintiff Tavion Blackmon is a consumer as defined by 15 U.S.C. § 1681a(c).

5. Defendants FPB, RPF, DFS and DMI are lenders and/or creditors that furnish credit information about their account holders to the credit reporting agencies (collectively, referred to as the "Furnisher Defendants").

6. Defendants EQU, EXP and TU prepare and publish reports on consumers and are consumer reporting agencies ("CRAs" or "CRA Defendants")) as defined by 15 U.S.C. § 1681a(f).

D. **FACTUAL ALLEGATIONS**

7. For years, Mr. Blackmon has fought to remove the fraudulent accounts from his credit report and to clear his name.

8. However, neither the Furnisher Defendants nor the CRA Defendants cooperated with Mr. Blackmon, thereby severely impairing his ability to obtain and use credit and forcing him to pay fraudulent debts in an effort to restore his credit.

9. Even after completing and submitting an FTC report to CRA Defendants, the fraudulent debts remained on his credit report.

10. The RPF mortgage account is the only negative credit item on Mr. Blackmon's report that was not fraudulently created.

11. However, the RPF debt is obsolete—in that it is too old to include in Mr. Blackmon's credit report—and further, it contains numerous inaccuracies and omissions, including missing payments, false late payment marks and incorrect date of first delinquency.

12. EQU's reporting of the RPF debt was particularly egregious as EQU reported the current status of the account as past due when EQU knew the debt had been paid.

13. EQU's reporting was internally inconsistent and contradictory because EQU reported the account as currently past due while also noting the account had been paid.

14. EQU has repeated a similar reporting error with Mr. Blackmon's other accounts. Specifically, EQU is or was reporting the debts with JPMCB, FPB and DFS as currently in a charged off status when EQU knew those debts had been paid.

15. Additionally, EQU reported the Date of First Delinquency for the RPF debt as the same date that Mr. Blackmon paid off the loan.

16. By reporting the incorrect and later date for the Date of First Delinquency, EQU effectively re-aged the debt and extended the negative reporting of the debt by about 2 years.

17. Mr. Blackmon submitted comprehensive disputes to the CRA defendants, providing all information necessary to conduct a reasonable investigation, which would have revealed that he was the victim of identity theft and that the accounts furnished by the Furnisher Defendants were fraudulently opened.

18. However, the CRA Defendants failed to conduct their own investigations, let alone reasonable ones. Instead, the CRA Defendants merely summarized Mr. Blackmon's disputes and forwarded them electronically to the Furnisher Defendants for investigation.

19. Making matters worse, the CRA Defendants are notorious for doing a poor job summarizing disputes and often mislabel and/or mischaracterize disputes.

20. Although the CRA Defendants will include the consumer's dispute letter as an attachment to the electronically summarized dispute document, the CRA Defendants know that a great majority of the furnishers, if not all, confine their investigation to the CRA's summary of the dispute and do not base their investigation on any of the contents in the consumer's dispute letter.

21. Here, the CRA Defendants forwarded an electronic summary of Mr. Blackmon's dispute to the Furnisher Defendants and did nothing more but wait for the Furnisher Defendants to provide their response to the dispute, so they could parrot the responses of the Furnisher Defendants.

22. The Furnisher Defendants did not review and consider Mr. Blackmon's dispute, and did not investigate the accuracy and completeness of the information disputed by Mr. Blackmon.

23. Instead, the Furnisher Defendants merely confirmed that the identification information matched the CRAs' records and/or that the information previously furnished to the CRAs was consistent with the information the CRAs were reporting.

24. In other words, the Furnisher Defendants' purported "investigation" was nothing more than a perfunctory review that rubber stamped the Furnisher Defendants prior reporting to the CRA Defendants.

25. Consequently, the Furnisher Defendants' investigation did not set out to verify, much less actually verify that the disputed information was accurate and complete. Rather than verify the accuracy and completeness of their reporting, the Furnisher Defendants confirmed their reporting was being consistently reported by the CRA Defendants regardless of accuracy or completeness.

26. The CRA Defendants knew the Furnisher Defendants did not verify the accuracy and completeness of the disputed information but accepted and parroted the Furnisher Defendants' responses to Mr. Blackmon's disputes.

27. Because the CRA Defendants knew the Furnisher Defendants did not verify the accuracy and completeness of the disputed information, they should not have accepted the Furnisher Defendants' false representation that their reporting was accurate and complete, and acted recklessly by blindly parroting the dispute results from the Furnisher Defendants.

28. The Furnisher Defendants failed to report back to the CRAs that the accounts should be marked as disputed. Nonetheless, the CRA Defendants knew the debts were disputed because they received numerous disputes from Mr. Blackmon, including an FTC report. Despite knowing that Mr. Blackmon contested ownership of the debts, the CRA Defendants failed to report Mr. Blackmon's disputes solely because the Furnisher Defendants did not instruct them to do so.

29. Had the CRA Defendants employed reasonable procedures to prepare an accurate credit report, the fraudulent debts and errors in the RPF debt would have been precluded from appearing in Mr. Blackmon's credit reports. Likewise, if the CRA Defendants had conducted a reasonable investigation of Mr. Blackmon disputes, they would have removed or corrected the reporting errors and not included them in the credit reports that they furnished to third parties.

30. The CRAs' inaccurate credit reporting has caused Plaintiff to be denied credit, offered credit on less favorable terms, and to refrain from applying for credit altogether. In addition, Mr. Blackmon has suffered emotional distress resulting from the negative impact of having bad credit and the ongoing worry and fear caused by the CRA Defendants' decision to furnish inaccurate tradelines to third parties.

31. Defendants' procedures neither prevented the inaccuracies from appearing in Mr. Blackmon's report, nor did they result in the removal of those inaccuracies following his disputes because the Defendants have intentionally adopted policies and procedures that focus on maximizing their profits and minimizing costs, which entail designing and implementing policies and procedures that lack resources and simply were not geared toward complying with their duties and obligations under the FCRA.

## COUNT I – NEGLIGENT VIOLATION(S) OF FCRA

32. Plaintiff incorporates by reference paragraphs 1 through 31 as fully stated herein.

33. The CRA Defendants negligently failed to comply with 15 U.S.C. § 1681e(b)'s requirement to utilize reasonable procedures to prepare credit reports with maximum accuracy.

34. The CRA Defendants negligently failed to comply with 15 U.S.C. § 1681i's requirement to reasonably investigate Plaintiff's dispute.

35. The CRA Defendants negligently failed to comply with 15 U.S.C. § 1681i's requirement to consider all relevant information in the dispute

36. The CRA Defendants negligently failed to comply with 15 U.S.C. § 1681i's requirement to correct or delete inaccurate, incomplete or unverified information.

37. The CRA Defendants negligently failed to comply with 15 U.S.C. § 1681i's requirement to note the debts as disputed and include a statement or summary of the dispute.

38. The Furnisher Defendants negligently failed to comply with 15 U.S.C. § 1681s-2(b)'s requirement to reasonably investigate Plaintiff's dispute.

39. The Furnisher Defendants negligently failed to comply with 15 U.S.C. § 1681s-2(b)'s requirement to review and consider all relevant information provided by the CRAs.

40. The Furnisher Defendants negligently failed to comply with 15 U.S.C. § 1681s-2(b)'s requirement to correct or delete inaccurate, incomplete or unverified information.

41. As a result of the Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, lost credit opportunity, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by a jury.

42. Plaintiff requests actual damages, costs and attorney's fees in the amount of $75,000 or more pursuant to 15 U.S.C. § 1681o(a).

### COUNT II – WILLFUL VIOLATION(S) OF FCRA

43. Plaintiff incorporates by reference paragraphs 1 through 31 as fully stated herein.

44. The CRA Defendants willfully failed to comply with 15 U.S.C. § 1681e(b)'s requirement to utilize reasonable procedures to prepare credit reports with maximum accuracy.

45. The CRA Defendants willfully failed to comply with 15 U.S.C. § 1681i's requirement to reasonably investigate Plaintiff's dispute.

46. The CRA Defendants willfully failed to comply with 15 U.S.C. § 1681i's requirement to consider all relevant information in the dispute

47. The CRA Defendants willfully failed to comply with 15 U.S.C. § 1681i's requirement to correct or delete inaccurate, incomplete or unverified information.

48. The CRA Defendants willfully failed to comply with 15 U.S.C. § 1681i's requirement to note the debts as disputed and include a statement or summary of the dispute.

49. The Furnisher Defendants willfully failed to comply with 15 U.S.C. § 1681s-2(b)'s requirement to reasonably investigate Plaintiff's dispute.

50. The Furnisher Defendants willfully failed to comply with 15 U.S.C. § 1681s-2(b)'s requirement to review and consider all relevant information provided by the CRAs.

51. The Furnisher Defendants willfully failed to comply with 15 U.S.C. § 1681s-2(b)'s requirement to correct or delete inaccurate, incomplete or unverified information.

52. As a result of the Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, lost credit opportunity, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

53. Plaintiff requests actual or statutory damages, punitive damages, costs and attorney fees in the amount of $75,000 or more pursuant to 15 U.S.C. § 1681n(a).

## COUNT III – DEFAMATION

54. Plaintiff incorporates paragraphs 43 through 53 by reference as fully stated herein.

55. The Furnisher Defendants' records established that the Plaintiff did not open, create or otherwise authorize an account with them.

56. Either the Furnisher Defendants reviewed their records and knew Plaintiff did not have an account with them, or the Furnisher Defendants recklessly overlooked their records.

57. The Furnisher Defendants reported derogatory information about Plaintiff's credit profile to the CRAs that the Furnisher Defendants knew was false, or they reported the information without checking their records.

58. The Furnisher Defendants either reported derogatory debts that they knew did not belong to the Plaintiff, or, by not reviewing their records before reporting the information, they reported the derogatory debts with reckless disregard of whether the reporting was false or not.

59. Following Plaintiff's disputes of the fraudulent debts, the CRA Defendants were fully and completely aware that the fraudulent debts should not be included in Plaintiff's credit reports.

60. The Defendants understood that by including the fraudulent debts in Plaintiff's credit reports, that Plaintiff's ability to obtain credit would be negatively impacted.

61. Upon information and belief, Defendants intentionally included the fraudulent debts in Plaintiff's credit reports to third parties because the Defendants intended to negatively impact Plaintiff's ability to obtain credit.

62. As a result of the Defendants' reporting of false and derogatory information, Plaintiff has suffered and continues to suffer actual damages, including economic loss, lost credit opportunity, reputational damage, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by a jury.

**JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Actual damages;

C. Statutory damages;

D. Punitive damages;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 168ln and 1681o.

F. For such other and further relief as the Court may deem just and proper.

                                  Respectfully submitted,

                                  */s/* Cortney Walters
                                  Cortney Walters, Esq.
                                  The Law Office of Cortney E. Walters, PLLC
                                  2719 Hollywood, FL 33020
                                  Florida Bar No. 125159
                                  pleadings@cewlawoffice.com
                                  (954) 874-8022
                                  Lead Attorney